IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


FREDERICK GERARD COSTER           :

    Petitioner                                      :

    v.                                                    :     Civil No. WMN-05-2444

UNITED STATES OF AMERICA         :

    Respondent                                   :
.....................
## MEMORANDUM

    Before the court is a 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Frederick Gerard Coster.  Petitioner pro se, a federal prisoner incarcerated at FCI-Cumberland, has also moved for leave to proceed in forma pauperis.  The court will grant the Motion to Proceed in Forma Pauperis and dismiss the Petition without prejudice.

    Although Petitioner attempts to cast this application as a challenge to the calculation of his good time credits, the gravamen of his petition is that his sentence was improperly enhanced under the Sentencing Guidelines in light of the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).[1]  Further, he disputes the prior felony convictions on which his Career Offender status was predicated.[2]   Paper No. 1 at 2.

---

    [1]The motion does not reference the Supreme Court's more recent decision <u>United States v. Booker</u>,125 S.Ct. 738, (2005), which applied the precepts articulated in <u>Blakely</u> to the federal sentencing guidelines.  As the latter decision concerns the constitutionality of the federal sentencing guidelines, the court assumes that Petitioner also intends to rely upon <u>Booker</u>.

    [2]Although the Petition does not specifically refer to the Supreme Court's recent decision in <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), it appears that Petitioner is attempting to rely on the holding in that case. In <u>Shepard</u>, the Supreme Court held that a sentencing court may not look beyond the charging document, plea colloquy, statutory definition, or any explicit finding of the trial judge to which a defendant assented to determine a disputed fact about a prior

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. §2255. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. See 28 U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence, see In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, there is an exception under the so-called "savings clause" in § 2255.[3] It provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. In Jones, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

---

conviction. See Shepard, 125 S. Ct. at 1263. Petitioner contends the convictions on which his career offender status were predicated do not satisfy this standard. The problem with Petitioner's argument is that Shepard would have to be retroactive in order for it to have a bearing on Petitioner's sentence. Nothing in Shepard suggests that it applies retroactively on collateral review. See e.g. Vega v. Craig, 2005 WL 1388872 at 2 (N.D. N.Y. 2005); Langley v. United States, 2005 WL1114710 at 2 (M.D. N.C. 2005).

[3]28 U.S.C. §2255 provides in relevant part:
>[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.  Jones 226 F.3d 333-34.

In this case, Petitioner was sentenced on December 12, 2000, to a total of 130 months incarceration after he pleaded guilty to conspiracy to commit bank robbery and bank robbery. See Docket Entry No. 8.  The conviction and sentence were affirmed on appeal.  See United States v. Coster, 26 Fed Appx. 366 (4th Cir. 2002) (unpublished).  Petitioner's subsequent 28 U.S.C. §2255 Motion to Vacate, Set Aside, or Correct was denied on November 11, 2004.  See WMN-04-3013 (D. Md. 2004).  Petitioner's second 28 U.S.C. §2255 motion was dismissed without prejudice.

The instant petition clearly challenges the validity of the sentence imposed and is properly construed pursuant to 28 U.S.C. §2255.  Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status.  See e.g., Calderon v. Thompson, 523 U.S. 538, 554 (1998).   Moreover, Petitioner has not satisfied the criteria set forth in Jones for demonstrating that a § 2255 petition is an inadequate or ineffective remedy.  It is well established that a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision.  See Jones, 226 F.3d at 333; Vial, 115 F.3d at 1194 n. 5.  A §2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive §2255 motions.  See id.

This application represents Petitioner's third 28 U.S.C. § 2255 motion.  As such, it may not be filed absent leave to do so from the United States Court of Appeals for the Fourth Circuit.

See 28 U.S.C. §§2244(b)& 2255; Vial, 115 F.3d at 1197-98 (4th Cir. 1997). Since Petitioner has not obtained this authorization, the motion will be dismissed without prejudice.[4]

In regard to Petitioner's reliance on recent opinions in Booker, 125 S. Ct. at 738 and Blakely, 542 U.S. at 296, the Supreme Court has not held the rule of law announced in those cases to be retroactive on collateral review. To date, several circuits have determined that Booker does not apply retroactively to cases on collateral review. See In re Olopade, 403 F.3d 159, 160 (3rd Cir. 2005); Guzman v. United States, 404 F.3d 139, 143 (2nd Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10Th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479,481 (7th Cir. 2005); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005). The United States Court of Appeals for the Fourth Circuit recently issued an unpublished decision in United States v. Fowler, 2005 WL 1416002 (June 17, 2005) (per curium) holding similarly. In this district, Gaulden v. U.S., CCB-04-292 (D. Md. 2005) has been issued consonant with the aforementioned cases.

Accordingly, the court will dismiss the Petition without prejudice. A separate Order consistent with this Memorandum follows.

/s/

September 26, 2005  
Date

_____  
William M. Nickerson  
United States District Judge

---

[4]The court will direct the Clerk to mail Petitioner an information packet for filing for authorization to consider a successive §2255 petition.